UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 2:20-cr-00078-002-DCLC-CRW |
| v. | ) |
| | ) |
| BRYSON ALEXANDER WOODS | ) |

## MEMORANDUM AND ORDER

BRYSON ALEXANDER WOODS ("Defendant") came before the Court by videoconference for an initial appearance on May 27, 2025, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision [Doc. 99] and the Amended Petition for Warrant for Offender Under Supervisions [Doc. 108] (the "Petitions").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney David Leonard to represent Defendant.

Defendant was furnished with copies of the Petitions, and had an opportunity to review those documents with his attorney. The Court determined that Defendant was able to read and understand the Petitions with the assistance of his counsel. In addition, AUSA Wayne Taylor explained to Defendant the specific charges contained in the Petitions. Defendant acknowledged he understood the charges in the Petitions.

The Government moved Defendant be detained pending disposition of the Petitions or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived the preliminary hearing and the detention hearing.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release and that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petitions or further Order of this Court.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending the revocation hearing is **GRANTED**.

2. Any agreed order of revocation the parties wish to submit for the District Court's consideration must be provided to the District Court on or before **June 19, 2025**.

3. Unless revised by further order of the Court, the United States Marshals Service shall transport Defendant to the revocation hearing before the Honorable United States District Judge Clifton L. Corker on **June 26, 2025, at 9:00 a.m.**

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE